```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------

BEVERLY JENKINS, ON BEHALF OF ELISA
JENKINS ALLEN,                                    21-cv-10324 (JGK)
                      Plaintiff,
                                                  MEMORANDUM OPINION
           - against -                            AND ORDER

RELIANT TRANSPORTATION, INC. ET
AL.,
                      Defendants.

------------------------------------------------

JOHN G. KOELTL, District Judge:

      The plaintiff, Beverly Jenkins, brought this case on behalf of her daughter, Elisa Jenkins Allen, in the New York State Supreme Court, Bronx County. The plaintiff brought claims under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA"), alleging that the defendants, the New York City Department of Education, its Office of Public Transportation, and Reliant Transportation, Inc., breached their obligation to provide Elisa a free, appropriate public education because the school bus company dropped Elisa off at school late for around six weeks. The defendants removed the case to this Court, ECF No. 1, and now move to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. ECF Nos. 18, 24.

      For the following reasons, the case is **remanded** to the New York State Supreme Court, and the motions to dismiss are **denied** without prejudice.

I.

The complaint alleges that, for six weeks in the fall of 2019, the defendants did not provide Elisa with timely bus service from her home to school, as required by Elisa's individualized education program. The plaintiff alleges that this caused Elisa to miss some classes, instruction, and services to which Elisa was entitled, and that other such instruction was delayed or given separately from Elisa's peers, in violation of the IDEA.

Based on these allegations, in September 2021, the plaintiff brought this action in the New York State Supreme Court, Bronx County. ECF No. 1. In December 2021, the defendants removed the action to this Court, on the basis that this Court has original federal jurisdiction because the claim arises under the IDEA. Id.; see 20 U.S.C. § 1415(i)(3)(A); 28 U.S.C. § 1331. The plaintiff did not move to remand the action to state court. The defendants now move to dismiss the action for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. ECF Nos. 18, 24.

II.

The defendants move to dismiss the action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. However, 28 U.S.C. § 1447, which governs the procedures in cases removed from state court, provides that

"[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," 28 U.S.C. § 1447(c) — on the Court's own motion if necessary. See, e.g., Newman & Cahn, LLP. v. Sharp, 388 F. Supp. 2d 115, 117 (E.D.N.Y. 2005). Accordingly, if the Court lacks subject matter jurisdiction in this case, the Court must remand the action, rather than dismissing it. See, e.g., Speer v. City of New London, 537 F. Supp. 3d 212, 234 & n.21 (D. Conn. 2021).

In this case, the Court lacks subject matter jurisdiction. A party may bring suit to enforce rights under the IDEA only if the party has exhausted available administrative remedies. 20 U.S.C. § 1415(i)(2)(A); Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 245 (2d Cir. 2008). This requirement is jurisdictional. Id. at 243. Even liberally construed, the complaint in this case does not allege that the plaintiff has exhausted available administrative remedies, and the plaintiff's opposition does not dispute the defendants' contentions that the plaintiff has failed to do so. While there are exceptions to the exhaustion requirement, the plaintiff, as the party seeking to avoid exhaustion, bears the burden of proving the applicability of one of these exceptions, see Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ., 297 F.3d 195, 199 (2d Cir. 2002), but has made no argument to this effect.

The exhaustion requirement therefore applies in this case, and the plaintiff has not satisfied it. Accordingly, the Court lacks subject matter jurisdiction over the action, and the action must be remanded to the New York State Supreme Court. See, e.g., Newman & Cahn, LLP., 388 F. Supp. 2d at 119.

## Conclusion

The Court has considered all of the arguments of the parties. To the extent not addressed above, the arguments are either moot or without merit. For the foregoing reasons, the case is **remanded** to the New York State Supreme Court, Bronx County, and the motions to dismiss are **denied** without prejudice. The Clerk is directed to remand this action to the New York State Supreme Court, Bronx County. The Clerk is also directed to close all pending motions and to close this case. The Clerk is also directed to mail a copy of this Memorandum Opinion and Order to the pro se plaintiff and to note service in the docket.

SO ORDERED.
Dated:   New York, New York
         May 18, 2022

                                    _____
                                    John G. Koeltl
                                    United States District Judge